UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
ELIZABETH RUSSO,                                             :        **REPORT AND**
                                      Plaintiff,             :        **RECOMMENDATION**
                                                             :
                    -against-                                :        1:19-cv-606 (LDH)(PK)
                                                             :
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :
                                      Defendant.             :
                                                             :
                                                             :
------------------------------------------------------------ x


**Peggy Kuo, United States Magistrate Judge:**

     Elizabeth Russo ("Plaintiff") filed this action seeking recovery due to the negligence of the United States of America ("Defendant" or "United States")[1] resulting in personal injuries to Plaintiff. (*See* "Compl.," Dkt. 1.) Defendant requests that this action be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), in light of Plaintiff's failure to comply with multiple orders of the Court. ("Motion," Dtk. 30 at 3.) The undersigned respectfully recommends that the Motion be granted.

## BACKGROUND

     Plaintiff, through counsel, filed the Complaint on January 30, 2019 pursuant to the Federal Torts Claims Act, 28 U.S.C. § 1346(b), and 28 U.S.C. § 2675, alleging that on an unstated date before April 13, 2017, Plaintiff slipped and fell in a United States Postal Service ("USPS") office in Brooklyn, New York. (Compl. ¶¶ 8, 17.) Plaintiff alleged that the area was "unreasonably uneven, snowy, icy, slippery, mis-leveled, trap-like and dangerous" due to Defendant's negligence and carelessness, and

---

[1] The Complaint erroneously named the United States Postal Service, but the correct defendant was subsequently substituted. (Dkt. 15.)

that she incurred injuries, including a fracture to her right shoulder, as a result of the fall. (*Id.* ¶¶ 23-24.)

The Court entered a Scheduling Order on August 23, 2019, setting deadlines for pre-trial matters, including a deadline of December 23, 2019 for the completion of fact discovery. (Dkt. 15.) On December 4, 2019, Plaintiff's counsel filed a motion to be relieved as counsel. (Dkt. 17.) The Court held a conference on December 11, 2019, at which Plaintiff and her counsel were present. Plaintiff consented to her counsel's request to be relieved as counsel, and the Court granted the motion. Plaintiff was given a deadline of January 24, 2020 to obtain new counsel. (Minute Entry and Order dated Dec. 11, 2019.) The Court also directed Plaintiff to appear in person for a conference on February 13, 2020 if she did not obtain new counsel by that date. (*Id.*) In a written Order, the Court stated, "Failure to appear in court, in person or through counsel, could result in the case being dismissed for failure to prosecute." (*Id.*) A copy of the Minute Entry was mailed to Plaintiff. (*Id.*)

On February 13, 2020, Plaintiff did not appear for the conference. The Court called Plaintiff and left a voice message for her to contact the Court. (Minute Entry dated Feb. 13, 2020.) The Court scheduled another conference for February 28, 2020 and ordered Plaintiff to appear. (*Id.*) The Order stated, "If plaintiff fails to appear for the status conference, the Court will recommend that the case be dismissed for failure to prosecute." (*Id.*) A copy of that Minute Entry and Order was mailed to Plaintiff. (*Id.*)

On February 28, 2020, Plaintiff did not appear at the conference. (Minute Entry dated Feb. 28, 2020.) When the Court contacted Plaintiff by telephone, Plaintiff stated that she did not receive the Court's February 13, 2020 Order requiring her to appear for the status conference. (*Id.*) The Court noted that the Court's February 13, 2020 order was mailed to the address on record for Plaintiff, which Plaintiff confirmed was correct. (*Id.*) The Court advised Plaintiff that she may not ignore Court orders and must notify the Court in advance if she cannot appear at a conference. (*Id.*) The Court

2

granted Plaintiff's request "for one more chance to find new counsel" by March 31, 2020.  (*Id.*)  The Court reminded Plaintiff that "her failure to appear for court conferences in her case, unless she has a lawyer or writes to the Court in advance and provides a good reason for not appearing, could result in her case being dismissed for lack of prosecution."  (*Id.*)

On April 7, 2020, Plaintiff did not appear for the telephone status conference.  (Minute Entry dated Apr. 7, 2020).  When the Court contacted Plaintiff by telephone, Plaintiff stated that she was receiving treatment in the hospital.  (*Id.*)  The Court adjourned the conference and reminded Plaintiff that "her failure to appear for court conferences in her case, unless she has a lawyer or writes to the Court in advance and provides a good reason for not appearing, could result in her case being dismissed for lack of prosecution."  (*Id.* (emphasis omitted).)

Plaintiff appeared at the telephone status conference on June 12, 2020 and stated she did not obtain new counsel.  (Minute Entry dated June 12, 2020.)  The Court informed Plaintiff that without counsel, she would have to represent herself *pro se.*  (*Id.*)  The Court directed Defendant to send copies of its interrogatories, document requests, and medical records release forms to Plaintiff, and explained to Plaintiff that she must respond to those requests and interrogatory questions by August 3, 2020.  (*Id.*)  Plaintiff was directed, if she had any requests for documents or interrogatories, to send them to Defendant by July 16, 2020.  (*Id.*)

On August 31, 2020, Plaintiff did not appear for the telephone status conference.  (Minute Entry dated Aug. 31, 2020.)  Defense counsel stated that she mailed Plaintiff copies of Defendant's interrogatories, document requests, medical records release forms, and the June 12, 2021 Minute Entry, but Plaintiff did not respond as ordered by the Court.  (*Id.*)  Defense counsel stated that she spoke to Plaintiff by telephone and Plaintiff stated that she did not receive any documents.  (*Id.*)  Thereafter, counsel sent a second copy of the documents to Plaintiff after confirming Plaintiff's correct address.  (*Id.*)  Defense counsel made both mailings by certified mail and had written

3

confirmations of both deliveries to Plaintiff.  (*Id.*)  Defense counsel also left a voicemail with Plaintiff to remind Plaintiff of the August 31, 2021 status conference, but Plaintiff did not provide any explanation for why she did not appear at the status conference.  (*Id.*)

On September 10, 2020, Plaintiff appeared for the telephone status conference after Defendant's counsel called her.  (Minute Entry dated Sept. 10, 2020.)  Plaintiff stated that she did not attend the August 31, 2020 conference because she was in the hospital.  (*Id.*)  Plaintiff still had not completed the medical forms or responded to Defendant's discovery requests.  (*Id.*)  Plaintiff stated that she did not have these documents, but Plaintiff confirmed that Defendant sent these documents to her correct address.  (*Id.*)  The Court directed Defendant to send the documents to Plaintiff one final time and directed Plaintiff to return the completed documents by mail to Defendant by September 30, 2020.  (*Id.*)  The Court reminded Plaintiff that if she does not have a lawyer, she is responsible for doing the work in this case herself.  (*Id.*)  The Court also warned Plaintiff that "failure to comply with Court orders or to participate in the discovery process may result in dismissal of her case for lack of prosecution."  (*Id.* (emphasis in original).)

On November 3, 2020, Defendant filed a status report stating that it still had not received a response from Plaintiff to its discovery demands.  (Dkt. 19.)

On November 6, 2020, Plaintiff did not appear for the telephone status conference.  (Minute Entry dated Nov. 6, 2020.)  Defense counsel stated that she attempted to reach Plaintiff by telephone and text message to remind her of the conference, but Plaintiff did not respond.  (*Id.*)  Counsel also stated that Defendant has not received any of Plaintiff's discovery responses.  (*Id.*)  Plaintiff was ordered to show cause "why this case should not be dismissed for lack of prosecution" ("Nov. 6, 2020 Order to Show Cause") and the Court scheduled a hearing on the order to show case for December 2, 2020.  (*Id.*)

During the show cause hearing by telephone on December 2, 2020, Defendant stated that it had not received any documents from Plaintiff or answers to its interrogatories. (Minute Entry dated Dec. 2, 2020.) Defendant also said that Plaintiff represented that she had sent materials to Defendant via FedEx, but the prepaid self-addressed FedEx envelope provided by Defendant had not been used. (*Id.*)

Plaintiff appeared late, after the conference concluded and defense counsel was unavailable. (*Id.*) She stated that she provided the materials to FedEx to deliver to Defendant but also stated that she was still in possession of the FedEx envelope. (*Id.*) Plaintiff put her cousin "Jennee" on the phone who stated that she was helping Plaintiff and informed the Court of the forms that she had from Defendant's requests.[2] (*Id.*) The Court directed Plaintiff to "fill out the forms, answer all the interrogatories truthfully, notarize any documents where such notarization is indicated as necessary, include any requested money orders and send everything in the prepaid FedEx envelope to Defendant" as soon as possible and "to make copies of all the materials she is sending to Defendant and write down the date she sent the package." (*Id.*)

On January 14, 2021, Plaintiff and Defendant appeared for a status conference by telephone. (Minute Entry dated Jan. 15, 2021.) Plaintiff confirmed that she had copies of requests and medical records release forms from Defendant, but Defendant stated that it had not received anything from Plaintiff. (*Id.*) Plaintiff was ordered to complete and mail the forms by January 21, 2021 or her case may be dismissed. (*Id.*)

On February 18, 2021, Plaintiff and Defendant appeared for a status conference by telephone. Defendant's counsel stated that Defendant has not received the discovery documents that were sent to Plaintiff, and the prepaid FedEx envelopes that were provided to Plaintiff have not been used.

---

[2] In a subsequent conference, Plaintiff's cousin identified herself as Jennee Spagna. (*See* Minute Entry and Order dated Aug. 10, 2021.)

(Minute Entry dated Feb. 18, 2021.)  Plaintiff stated that she was waiting for her doctor to send her documents and the Court informed Plaintiff that "it was not necessary for her to wait for anything from her doctors and that she must respond to the discovery requests and complete the authorization forms and send them by FedEx to [Defense counsel]." (*Id.*)  The Court warned Plaintiff that "**if she does not comply with this deadline, it will recommend that her action be dismissed for failure to prosecute**." (*Id.* (emphasis in original).)

On March 11, 2021, Plaintiff did not appear for the telephone status conference. (Minute Entry dated Mar. 11, 2021.)  When Defendant called her, Plaintiff stated that she was on her way to a doctor's appointment, asked to be called back in an hour and then hung up. (*Id.*)  Defendant stated that it still has not received any discovery or authorizations from Plaintiff and none of the three FedEx numbers Defendant provided to Plaintiff for mailing had been used. (*Id.*)  The Court entered an Order for Plaintiff to show cause on March 31, 2021 why this matter should not be dismissed for lack of prosecution in light of Plaintiff's repeated failure to comply with the Court's discovery order ("Mar. 11, 2021 Order to Show Cause"). (*Id.*)

On March 31, 2021, Defendant and Plaintiff appeared for the show cause hearing by telephone. (Minute Entry dated Mar. 31, 2021.)  Plaintiff confirmed that she has not yet filled out and mailed the forms provided by Defendant. (*Id.*)  The Court directed Defendant to "file a status report by April 22, 2021 informing the Court whether it received the completed forms." (*Id.*)  The Court warned that if Plaintiff "does not return the completed forms to Defendant by April 15, 2021, a recommendation will be made that her case should be dismissed for lack of prosecution." (*Id.*)

On April 22, 2021, Defendant filed a status report stating that on or about April 16, 2021, it "received an incomplete set of documents from Plaintiff consisting of Plaintiff's response to Defendant's discovery demands." (Dkt. 24.)  The Court directed Defendant to file a status report regarding any progress on the matter by June 4, 2021. (Minute Order dated May 28, 2021.)  On June

4, 2021, Defendant filed a status report stating that on April 29, 2021, the Defendant sought release of some of Plaintiff's medical information pursuant to an authorization signed by Plaintiff, but has not received a response. (Dkt. 25.) Defendant further stated that it planned to serve Plaintiff again with an authorization to receive her Medicare information since Plaintiff previously submitted an incomplete form. (*Id.*)

On June 17, 2021, the Plaintiff and Defendant appeared for a status conference by telephone. (Minute Entry dated June 17, 2021.) Plaintiff stated that she intends to seek new counsel, and the Court gave her a deadline of July 17, 2021 to do so. (*Id.*) Plaintiff confirmed that she received the forms from Defendant that she is required to fill out, and the Court directed Plaintiff to fill them out and send them to Defendant no later than July 17, 2021. (*Id.*)

Defendant's deposition of Plaintiff was scheduled for August 2, 2021 at 10:00 a.m. in person. (*Id.*) Plaintiff was directed to appear at the U.S. Attorney's Office at 271 Cadman Plaza East, 7th Floor, Brooklyn, NY at the time of her deposition. (*Id.*) On July 1, 2021, Defendant sent Plaintiff a letter regarding the upcoming deposition which included the scheduled date and time of Plaintiff's deposition ("Notice of Deposition") and the COVID-19 policy of the U.S. Attorney's Office since the deposition would be in person. (Dkt. 26-2.) After Defendant's July 1, 2021 mailing was returned as undeliverable, Defendant mailed another copy of the Notice of Deposition and the COVID-19 policy of the U.S. Attorney's Office on July 9, 2021. (Dkt. 27; Dkt. 27-1.) Defendant received confirmation that on July 15, 2021, Plaintiff received the Notice of Deposition and the COVID-19 policy that was mailed on July 9, 2021. (*Id.*)

On August 2, 2021, Defendant filed a status letter informing the Court that Plaintiff contacted Defense counsel on July 31, 2021 and left a voicemail stating that she "had difficulties walking; experienced dizziness; does not take the subway; and needed to be evaluated by her physician for these issues. Plaintiff further inquired if she could reschedule her 'court appearance' scheduled for August

7

2, 2021." (Dkt. 28.)  On August 1, 2021, Defense counsel left two voicemails and a text message with Plaintiff agreeing to reschedule Plaintiff's August 2, 2021 deposition and clarifying that the deposition was not a court appearance.  (*Id.*)  Defendant also informed the Court that no new counsel for Plaintiff has filed a Notice of Appearance, and Defendant has not received any additional discovery responses from Plaintiff.  (*Id.*)

On August 10, 2021, the Court held a status conference by telephone at which Defendant and Plaintiff appeared.  (Minute Entry and Order dated Aug. 10, 2021.)  Plaintiff informed the Court she has not retained new counsel and asked the Court to appoint counsel for her, which the Court declined.  (*Id.*)  The Court reminded Plaintiff that "she must fulfill all her obligations representing herself or, if she is unable to do so, the case may be dismissed."  (*Id.*)  Defendant stated that it is willing to conduct Plaintiff's deposition either by videoconferencing or in person and Plaintiff stated that she preferred the deposition to be conducted by videoconferencing.  (*Id.*)  Plaintiff's cousin Jennee Spagna, who was present with Plaintiff, confirmed that Plaintiff "has access to technology with video capabilities to attend a video deposition and that she will assist Plaintiff with the technical aspects of the deposition."  (*Id.*)  The Court ordered Plaintiff to appear for her deposition by videoconferencing on September 15, 2021 at 11:00 a.m.  (*Id.*)  The Court warned Plaintiff of her obligation to attend the September 15, 2021 deposition.

> If Plaintiff does not receive the link to access the video deposition, she must contact Defense counsel before September 15, 2021 to receive that link. Failure by Plaintiff to appear and cooperate in the deposition may result in sanctions, including dismissal of this case.  (*Id.*)

Defense counsel also informed the Court that she has still not received Plaintiff's completed and signed forms.  (*Id.*)  Ms. Spagna agreed to assist Plaintiff with locating the forms to send to Defendant. (*Id.*)  The Court encouraged Defense counsel to confer with Plaintiff, assisted by Ms. Spagna if necessary, to complete and return the forms before Plaintiff's September 15, 2021 deposition.  The Court scheduled a status conference by telephone for September 20, 2021.  (*Id.*)

8

On September 15, 2021, Defendant filed a status report, informing the Court that Plaintiff did not appear for her deposition that day at 11:00 a.m. (Dkt. 30.) Defendant stated that "neither Plaintiff nor anyone on her behalf has contacted Defendant to explain her failure to appear for today's deposition. Nor did Plaintiff contact [Defense counsel] prior to the deposition to request that it be rescheduled." (*Id.* at 2.) Defendant requested that "the Court recommend that this action be dismissed for failure to prosecute in view of Plaintiff's failure to comply with multiple orders of this Court" pursuant to Fed. R. Civ. P. 41(b). (*Id.* at 3.)

On September 20, 2021, Plaintiff did not appear for the telephone status conference. (Minute Entry dated Sept. 20, 2021.) Defense counsel stated that when she followed up with Plaintiff, Ms. Spagna and Plaintiff's daughter before September 15, 2021, Plaintiff confirmed that she would be present for the deposition. (*Id.*) However, on September 15, 2021, Plaintiff did not appear for the deposition. (*Id.*) Defendant thus requested that this action "be dismissed for failure to prosecute in view of Plaintiff's failure to appear for her deposition." (*Id.*)

The Court ordered Plaintiff to "show cause by October 6, 2021 why this matter should not be dismissed for lack of prosecution" ("Sept. 20, 2021 Order to Show Cause"). (*Id.*) The undersigned issued a final warning to Plaintiff.

> If Plaintiff does not respond, or does not present good cause for not appearing at the deposition on September 15, 2021, I will recommend that this matter be dismissed for lack of prosecution. (*Id.*)

Defense counsel filed a Certificate of Service indicating that a copy of the order was sent to Plaintiff at her address on September 21, 2021. (Dkt. 31.)

Plaintiff has not responded to the Sept. 20, 2021 Order to Show Cause or otherwise filed any updates with the Court regarding this case.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action based on plaintiff's failure to prosecute or comply with a Court order. Even if a defendant has not moved for dismissal, the Court has "unquestioned . . . authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). "Courts have repeatedly found that dismissal of an action is warranted when a litigant . . . fails to comply with legitimate Court directives." *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG) (MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016) (citation omitted). When a District Court contemplates a dismissal under Rule 41(b), it must consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No one factor is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Here, Plaintiff has repeatedly failed to take actions necessary to advance this case against Defendant. While Defendant has made several attempts to obtain responses to its interrogatories, document requests, and medical records release authorization forms from Plaintiff, Plaintiff has not provided these documents in full and appeared only sporadically for status conferences as ordered by the Court. Plaintiff also failed to appear for her September 15, 2021 deposition or provide any explanation for her failure to appear. In just over a year, the Court has entered three orders for Plaintiff to show cause why this matter should not be dismissed for lack of prosecution. (*See* Nov. 6, 2020 Order to Show Cause; Mar. 11, 2021 Order to Show Cause; Sept. 20, 2021 Order to Show Cause.)

The Court has warned Plaintiff during multiple conferences of the possibility that her case would be dismissed for failure to prosecute. In its Sept. 20, 2021 Order to Show Cause, the Court warned that "[i]f Plaintiff does not respond, or does not present good cause for not appearing at the deposition on September 15, 2021, [the undersigned] will recommend that this matter be dismissed for lack of prosecution." (Sept. 20, 2021 Order to Show Cause.) Plaintiff did not respond to the Sept. 20, 2021 Order to Show Cause, despite these warnings.

This case has been pending for more than two years, and Defendant will likely be prejudiced by further delay. A balance of the Court's interest in managing its docket against any interest Plaintiff may have in receiving further opportunities to be heard weighs in favor of dismissal. The Court has been mindful of Plaintiff's reported health issues and *pro se* status. *See LeSane*, 239 F.3d at 209 (2d Cir. 2001) ("*pro se* plaintiffs should be granted special leniency regarding procedural matters"). It has excused her repeated failures to appear for conferences,[3] granted extensions for missed deadlines, and directed Defendant to send multiple copies of its documents to Plaintiff despite proof that they had already been sent to Plaintiff's correct address. Notwithstanding these accommodations and the time and effort devoted to this matter by the Court and Defendant, Plaintiff has failed to comply with even her most basic responsibilities in sending back forms and discovery requests. Her lack of diligence and attention to this lawsuit is most clearly illustrated by her failure to appear for her deposition, which was rescheduled and converted to a videoconference at her request. The undersigned finds that no sanctions less than dismissal would be appropriate at this point.

A dismissal under Rule 41(b) "operates as an adjudication on the merits" unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The undersigned finds no basis to dismiss this case

---

[3] In the course of twenty months, Plaintiff failed to appear at six Court conferences (on February 13, 2020, April 7, 2020, August 31, 2020, November 6, 2020, March 11, 2021, and September 20, 2021). In addition, she failed to appear at three other conferences but participated only after the Court reached her by telephone (February 28, 2020, September 10, 2020, and December 2, 2020).

without prejudice. Any refiling of this case would be time-barred. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

## **CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends that the Complaint be dismissed with prejudice. Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
        November 22, 2021